UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

|  |  |
|---|---|
| Plaintiff, | Case No. 17-CR-20243 |
| v. | Honorable Thomas L. Ludington |

TERRANCE MARKEITH PETERSON,

Defendant.
_____/

**ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE
WITH PREJUDICE**

On July 28, 2017, Defendant Terrance Markeith Peterson pled guilty to one count of possession with intent to distribute a controlled substance, in violation of 21 U.S.C. § 841(a)(1). ECF No. 24. He was sentenced to 151 months imprisonment and three years of supervised release. ECF No. 28. He is currently housed at Federal Correctional Institute, Gilmer ("FCI Gilmer") in West Virginia.

On February 18, 2021, Defendant filed a pro se motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). ECF No. 31. Due to mailing delays, Defendant's Motion was not docketed until March 2, 2021. Plaintiff, the United States of America (the "Government"), filed a response brief on March 8, 2021. ECF No. 32. Defendant has not filed a reply brief. For the reasons set forth below, Defendant's Motion for Compassionate Release will be denied.

**I.**

The United States is facing an unprecedented challenge with the COVID-19 pandemic.

The COVID-19 virus is highly infectious and can be transmitted easily from person to person. COVID-19 fatality rates increase with age and underlying health conditions such as cardiovascular disease, respiratory disease, diabetes, and immune compromise. If contracted, COVID-19 can cause severe complications or death.

*Wilson v. Williams*, 961 F.3d 829, 833 (6th Cir. 2020). In light of the threat posed by COVID-19,

Defendant seeks a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)—a form of

relief often referred to as "compassionate release." Section 3582(c)(1)(A) provides,

> The court may not modify a term of imprisonment once it has been imposed except
> . . . upon motion of the Director of the Bureau of Prisons, or upon motion of the
> defendant after the defendant has fully exhausted all administrative rights to appeal
> a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the
> lapse of 30 days from the receipt of such a request by the warden of the defendant's
> facility, whichever is earlier, may reduce the term of imprisonment . . . after
> considering the factors set forth in section 3553(a) to the extent that they are
> applicable, if it finds that . . . extraordinary and compelling reasons warrant such a
> reduction . . . and that such a reduction is consistent with applicable policy
> statements issued by the Sentencing Commission

18 U.S.C. § 3582(c)(1)(A). Accordingly, the threshold question is exhaustion. If exhaustion is

found, courts must then follow the statute's three-step test:

> At step one, a court must "find[ ]" whether "extraordinary and compelling reasons
> warrant" a sentence reduction. At step two, a court must "find[ ]" whether "such a
> reduction is consistent with applicable policy statements issued by the Sentencing
> Commission." The Commission's policy statement on compassionate release
> resides in U.S.S.G. § 1B1.13. Thus, if § 1B1.13 is still "applicable," courts must
> "follow the Commission's instructions in [§ 1B1.13] to determine the prisoner's
> eligibility for a sentence modification and the extent of the reduction authorized."
> At step three, "§ 3582(c)[(1)(A)] instructs a court to consider any applicable §
> 3553(a) factors and determine whether, in its discretion, the reduction authorized
> by [steps one and two] is warranted in whole or in part under the particular
> circumstances of the case."

*United States v. Jones*, 980 F.3d 1098, 1107–08 (6th Cir. 2020) (internal citations omitted). "In

cases where incarcerated persons [as opposed to the Bureau of Prisons] file motions for

compassionate release, federal judges may skip step two of the § 3582(c)(1)(A) inquiry and have

full discretion to define 'extraordinary and compelling' without consulting the policy statement §

1B1.13." *Id.* at 1111. "[D]istrict courts may deny compassionate-release motions when any of the

three prerequisites listed in § 3582(c)(1)(A) is lacking and do not need to address the others."

*United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021).

### A.

As explained in the statute, before a court may consider an inmate's request for a reduced sentence under 18 U.S.C. § 3582, the inmate must first exhaust his administrative remedies with the Bureau of Prisons ("BOP") or wait 30 days after making such a request. The Sixth Circuit has explained that:

> By creating a compassionate-release option in the First Step Act, Congress gave inmates an option to seek early release on health grounds. The seriousness of COVID-19 and its spread in many prisons make it all the more imperative that the prisons have authority to process these applications fairly and with due regard for the seriousness of each inmate's risk. Free-floating exceptions to the rule, available to anyone willing to go to federal court first, will not help that cause.

*United States v. Alam*, 960 F.3d 831, 835–36 (6th Cir. 2020). Defendant alleges that he submitted a request for compassionate release to prison officials but that no reply was received. ECF No. 31 at PageID.130. He does not indicate when this request was allegedly sent. *See id*. Nonetheless, the Government concedes, without any explanation, that "[Defendant] has exhausted his administrative remedies." ECF No. 32 at PageID.134. Accordingly, given the Government's concession, Defendant has exhausted his administrative remedies with the BOP.

### B.

The next issue is whether sentence reduction is warranted by "extraordinary and compelling reasons." Because Defendant moves for compassionate release on his own behalf, § 1B1.13 is "inapplicable," and [u]ntil the Sentencing Commission updates § 1B1.13 to reflect the First Step Act, district courts have full discretion in the interim to determine whether an 'extraordinary and compelling' reason justifies compassionate release." *Jones*, 980 F.3d at 1109. Accordingly, courts of this circuit are no longer confined to the considerations outlined in the

policy commentary when determining if a defendant's request is extraordinary and compelling, such as whether an inmate suffers from a "terminal illness" or "serious physical or medical condition." U.S.S.G. § 1B1.13 cmt. n.1.

Despite the lack of express guidance, *Jones* suggests that an inmate may have an extraordinary and compelling reason for release where he suffers from a medical condition identified as a risk factor for COVID-19. *See Jones*, 980 F.3d at 1102 n.6 (holding that inmate's prior exposure to tuberculosis "could be considered an extraordinary and compelling reason for compassionate release" because it "put him at risk of contracting the virus" or "serious long-term health problems" if he had already contracted it). Courts considering the issue post-*Jones* have agreed. *See, e.g.*, *United States v. Rucker*, No. 17-20716, 2020 WL 7240900, at *2 (E.D. Mich. Dec. 9, 2020) (HIV and asthma) (citing *Jones*, 980 F.3d at 1102 n.6); *United States v. White*, No. 18-20183, 2020 WL 7240904, at *3 (E.D. Mich. Dec. 9, 2020) (BMI of 45.9) (citing *Jones*, 980 F.3d at 1102 n.6); *United States v. Crowe*, No. CR 11-20481, 2020 WL 7185648, at *3 (E.D. Mich. Dec. 7, 2020) (latent tuberculosis, hyperlipidemia, obesity).

More recently, the Sixth Circuit affirmed the denial of compassionate release based on a two-part test for extraordinary and compelling reasons. *See Elias*, 984 F.3d at 520. Under the two-part test in *Elias*, the risk of contracting COVID-19 constitutes an extraordinary and compelling reason "(1) when the defendant is at high risk of having complications from COVID-19 and (2) the prison where the defendant is held has a severe COVID-19 outbreak."[1] *Id.* (quoting *United States v. Hardin*, No. 19-CR-240, 2020 WL 2610736, at *4 (N.D. Ohio May 22, 2020)). The Sixth Circuit also held that the district court, in evaluating the movant's medical conditions, "properly considered the CDC guidance that was in effect at the time," given that "[r]elying on official

---

[1] Consistent with *Jones*, the court emphasized that district courts need not apply this definition but that it is within their discretion to do so. *Elias*, 984 F.3d at 521 n.1.

guidelines from the CDC is a common practice in assessing compassionate-release motions." *Id.*
at 521.

Defendant, a 31-year-old male, alleges that he "faces immune danger [sic] from the
COVID-19 virus" and that he sought compassionate release from the BOP "due to [his] underlying
health condition." ECF No. 31 at PageID.129–30. However, Defendant does not identify any
underlying medical conditions in his Motion, and the Government represents that his BOP medical
records from 2019, 2020, and 2021 disclose no such conditions. ECF No. 32 at PageID.134.
Additionally, Defendant's Presentence Investigation Report, prepared in September 2017,
identifies no underlying medical conditions and states that Defendant is "in good health."

Furthermore, there is no indication that Defendant is in imminent risk of contracting
COVID-19. FCI Gilmer is currently reporting only three active COVID-19 infections, all of which
are among staff. *See COVID-19*, BOP, https://www.bop.gov/coronavirus/
[https://perma.cc/8XEM-US4Z] (last visited Apr. 1, 2021). These statistics represent a substantial
improvement in the situation at FCI Gilmer, given that at least 305 inmates and 65 staff have
contracted and recovered from the disease to date. *Id.* FCI Gilmer is also reporting that 134 staff
and 650 inmates have been fully inoculated against the virus. *Id.*

Accordingly, because Defendant has not identified any underlying medical condition, and
there is currently no severe outbreak of COVID-19 at FCI Gilmer, Defendant does not have an
extraordinary and compelling reason for release based on the COVID-19 pandemic. *Cf. Elias*, 984
F.3d at 520–21 (holding that district court did not abuse its discretion where it applied two-part
test considering whether "defendant is at high risk of having complications from COVID-19" and
whether "the prison where the defendant is held has a severe COVID-19 outbreak"). Consequently,

this Court declines to consider whether the § 3553 factors would warrant a sentence reduction. *See Elias*, 984 F.3d at 519. Defendant's Motion for Compassionate Release will be denied.

**II.**

Accordingly, it is **ORDERED** that Defendant's Motion for Compassionate Release, ECF No. 31, is **DENIED WITH PREJUDICE**.

Dated: April 2, 2021                                          s/Thomas L. Ludington
                                                              THOMAS L. LUDINGTON
                                                              United States District Judge

---

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney of record herein by electronic means and to **Terrance Markeith Peterson** #45930-039, GILMER FEDERAL CORRECTIONAL INSTITUTION, Inmate Mail/Parcels, P.O. BOX 6000, GLENVILLE, WV 26351 by first class U.S. mail on April 2, 2021.

                                                    s/Kelly Winslow
                                                    KELLY WINSLOW, Case Manager