UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                                  Case No. 1:17-cr-20243

v.                                                  Honorable Thomas L. Ludington

TERRANCE MARKEITH PETERSON,

        Defendant.
_____/

**ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE WITH PREJUDICE AND DENYING DEFENDANT'S MOTION TO SUPPLEMENT THE RECORD AS MOOT**

On July 28, 2017, Defendant Terrance Markeith Peterson pled guilty to one count of possession with the intent to distribute cocaine base, in violation of 21 U.S.C. § 841(a)(1). ECF No. 24. Defendant was sentenced to 151 months' incarceration to be served concurrently with an undischarged state court sentence and to be followed by a three-year term of supervised release. ECF No. 28. He is currently housed at Federal Correctional Institution, Gilmer in West Virginia.

On February 18, 2021, Defendant filed a pro se motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). ECF No. 31. His motion was denied with prejudice for failing to identify an extraordinary and compelling reason for release. ECF No. 33.

On April 28, 2021, Defendant filed another pro se motion for compassionate release. ECF No. 34. In addition to his fear of contracting COVID-19 while in custody, Defendant's new motion for compassionate release cites an alleged sentencing disparity as an extraordinary and compelling reason for release. *Id.* at PageID.167. The Motion has since been fully briefed.[1]

---

[1] Defendant's reply brief is entitled "Motion to Supplement the Record and Petitioner's Response to United States' Opposition." ECF No. 36. Presumably, Defendant stylized his reply brief as a motion to supplement the record because the brief includes certain exhibits that were not previously submitted. Because a motion is unnecessary to file said exhibits, the Motion to Supplement the Record will be denied as moot.

**I.**

The United States is facing an unprecedented challenge with the COVID-19 pandemic.

> The COVID-19 virus is highly infectious and can be transmitted easily from person to person. COVID-19 fatality rates increase with age and underlying health conditions such as cardiovascular disease, respiratory disease, diabetes, and immune compromise. If contracted, COVID-19 can cause severe complications or death.

*Wilson v. Williams*, 961 F.3d 829, 833 (6th Cir. 2020). In light of the threat posed by COVID-19, Defendant seeks a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)—a form of relief often referred to as "compassionate release." Section 3582(c)(1)(A) provides,

> The court may not modify a term of imprisonment once it has been imposed except . . . upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission

18 U.S.C. § 3582(c)(1)(A). Accordingly, the threshold question is exhaustion. If exhaustion is found, courts must then follow the statute's three-step test:

> At step one, a court must "find[ ]" whether "extraordinary and compelling reasons warrant" a sentence reduction. At step two, a court must "find[ ]" whether "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." The Commission's policy statement on compassionate release resides in U.S.S.G. § 1B1.13. Thus, if § 1B1.13 is still "applicable," courts must "follow the Commission's instructions in [§ 1B1.13] to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized." At step three, "§ 3582(c)[(1)(A)] instructs a court to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by [steps one and two] is warranted in whole or in part under the particular circumstances of the case."

*United States v. Jones*, 980 F.3d 1098, 1107–08 (6th Cir. 2020) (internal citations omitted). "In cases where incarcerated persons [as opposed to the Bureau of Prisons] file motions for

compassionate release, federal judges may skip step two of the § 3582(c)(1)(A) inquiry and have full discretion to define 'extraordinary and compelling' without consulting the policy statement § 1B1.13." *Id.* at 1111.

**A.**

As explained in the statute, before a court may consider an inmate's request for a reduced sentence under 18 U.S.C. § 3582, the inmate must first exhaust his administrative remedies with the Bureau of Prisons ("BOP") or wait 30 days after making such a request. The Sixth Circuit has explained that:

> By creating a compassionate-release option in the First Step Act, Congress gave inmates an option to seek early release on health grounds. The seriousness of COVID-19 and its spread in many prisons make it all the more imperative that the prisons have authority to process these applications fairly and with due regard for the seriousness of each inmate's risk. Free-floating exceptions to the rule, available to anyone willing to go to federal court first, will not help that cause.

*United States v. Alam*, 960 F.3d 831, 835–36 (6th Cir. 2020). Here, the issue of exhaustion is contested by the parties.

In his Motion, Defendant claims that he submitted a written request for compassionate release to the warden on or about March 5, 2021 but that the warden failed to respond. ECF No. 34 at PageID.171–72. In its response brief, the Government represented that the BOP had no record of a request having been submitted after Defendant's previous request. ECF No. 35 at PageID.177. Defendant replied to the Government's brief with copies of electronic messages that he sent to prison staff in March 2021. *See* ECF No. 36 at PageID.182–84. These messages, which appear authentic, indicate that Defendant requested compassionate release from the BOP on March 5, 2021, and when he did not receive a response, sent another electronic message to the warden, again seeking release. *See id.* While the Government recently filed a supplemental brief restating its position that the BOP has no record of Defendant's March 2021 request, ECF No. 37 at

PageID.187, the evidence indicates that Defendant sought relief from the BOP at least 30 days before filing his pending Motion for Compassionate Release. Accordingly, Defendant has exhausted his administrative remedies with the BOP.

**B.**

The next issue is whether sentence reduction is warranted by "extraordinary and compelling reasons." Because Defendant moves for compassionate release on his own behalf, § 1B1.13 is "inapplicable," and [u]ntil the Sentencing Commission updates § 1B1.13 to reflect the First Step Act, district courts have full discretion in the interim to determine whether an 'extraordinary and compelling' reason justifies compassionate release." *Jones*, 980 F.3d at 1109. Accordingly, courts of this circuit are no longer confined to the considerations outlined in the policy commentary when determining if a defendant's request is extraordinary and compelling, such as whether an inmate suffers from a "terminal illness" or "serious physical or medical condition." USSG § 1B1.13 cmt. n.1.

Defendant asserts two grounds for release that he claims are extraordinary and compelling. Neither ground is persuasive.

First, Defendant claims that the conditions of his confinement at FCI Gilmer have become unduly restrictive because of the facility's COVID-19 protocols. He states that he has spent the majority of the pandemic in isolation, including periods of confinement "exceeding 60 hours straight." ECF No. 34 at PageID.164–65. He also claims that the COVID-19 protocols have prevented him from participating in correctional programming, such as drug abuse treatment. *Id.* at PageID.165.

Defendant has not, however, identified any authority supporting the proposition that COVID-19 restrictions may constitute an extraordinary and compelling reason for release.

Typically, a defendant will argue just the opposite: that a prison's COVID-19 protocols are so ineffective that remaining in custody puts him at imminent risk of contracting the virus.[2] While such protocols surely make custodial life at FCI Gilmer more difficult, there is no reason to believe that they confer a reason for release on Defendant, specifically. Indeed, based on Defendant's representations, many if not all of his fellow inmates must endure similar hardships as prison officials continue to navigate the pandemic. To the extent that Defendant believes his conditions of confinement are unconstitutional, a motion for compassionate release is not the proper avenue for relief.

Defendant's second ground for release is the nonretroactivity of section 401 of the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194. In calculating Defendant's advisory guideline range at sentencing, this Court applied a career offender enhancement consistent with the parties' plea agreement and the presentence investigation report. ECF No. 24 at PageID.72 (stipulating to career offender enhancement). Defendant argues that one of the predicate offenses for his career offender enhancement—a 2010 conviction for the delivery of marijuana—would not constitute a predicate offense if he were sentenced today. ECF No. 34 at PageID.168–69. His reasoning is that he only served 50 days in jail for the marijuana conviction and section 401 of the First Step Act limits "serious drug felonies" to offenses where, among other things, "the offender served a term of imprisonment of more than 12 months." First Step Act § 401(a)(1). Defendant concedes that he was sentenced before the effective date of the First Step Act but nonetheless urges this court to treat the nonretroactivity of section 401 as extraordinary and compelling.

---

[2] Currently, FCI Gilmer appears to be faring quite well against the pandemic. The facility is reporting no active infections and over 1,000 inoculations among staff and inmates. *See COVID-19*, BOP, https://www.bop.gov/coronavirus/ [https://perma.cc/9LKC-6T4H] (last visited Jun. 28, 2021).

Defendant's argument fails for two reasons. First, the Sixth Circuit recently held that the nonretroactivity of section 401 cannot be used as an extraordinary and compelling reason for release under 18 U.S.C. § 3582(c)(1)(A). *United States v. Tomes*, 990 F.3d 500, 505 (6th Cir. 2021). Specifically, the court stated that it would not "render § 401(c) useless by using § 3582(c)(1)(A) as an end run around Congress's careful effort to limit the retroactivity of the First Step Act's reforms." *Id.*

Second, the application of the career offender enhancement in this case is governed by the term "controlled substance offense," not "serious drug felony." USSG 4B1.1(a); *United States v. Wiseman*, 932 F.3d 411, 420 (6th Cir. 2019) ("[T]he First Step Act did not affect the definition of offenses that qualify for career offender status under U.S.S.G. § 4B1.1."), *cert. denied*, 140 S. Ct. 1237 (2020). The guidelines define "controlled substance offense" as an "offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance." USSG 4B1.2(b). In this case, Defendant's 2010 conviction was for the delivery of marijuana. Under Michigan law, the delivery of marijuana is a felony that "falls squarely within the Guidelines definition of a controlled substance offense." *United States v. Williams*, 762 F. App'x 278, 282 (6th Cir.) (affirming application of Michigan marijuana offenses to career offender enhancement), *cert. denied*, 139 S. Ct. 2684 (2019). Therefore, Defendant's 2010 conviction for delivering marijuana would have triggered the career offender enhancement even if he had been sentenced with the benefit of the First Step Act.

Based on the foregoing, Defendant has not demonstrated an extraordinary or compelling reason for release as required under 18 U.S.C. § 3582(c)(1)(A). Consequently, this Court declines to consider whether the § 3553 factors would warrant a sentence reduction. *See United States v.*

*Elias*, 984 F.3d 516, 519 (6th Cir. 2021) ("[D]istrict courts may deny compassionate-release motions when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking and do not need to address the others."). Defendant's Motion for Compassionate Release will be denied.

## II.

Accordingly, it is **ORDERED** that Defendant's Motion for Compassionate Release, ECF No. 34, is **DENIED WITH PREJUDICE.**

It is further **ORDERED** that Defendant's Motion to Supplement the Record, ECF No. 36, is **DENIED AS MOOT**.

Dated: June 30, 2021 			s/Thomas L. Ludington
			THOMAS L. LUDINGTON
			United States District Judge